UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RANJEET SINGH** | **CIVIL ACTION NO. 09-2168** |
| **VS.** | **SECTION P** |
| | **JUDGE MINALDI** |
| **MICHELLE GAHN, ET AL.** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff, Ranjeet Singh, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 21, 2009. At the time of filing plaintiff was in the custody of the Department of Homeland Security/Immigration Customs Enforcement (DHS/ICE) and was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO). However, he complains about events that occurred when he was incarcerated at Pine Prairie Correctional Center (PPCC), Pine Prairie, Louisiana. Subsequent to filing the instant complaint plaintiff was released from ICE custody and is currently residing in the United Kingdom.

Plaintiff sued PPCC's Education Supervisor Michelle Gahn, PPCC's Deputy Warden Terry Hines, and Pine Prairie Correctional Center.[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28

---

[1] PPCC is not a proper defendant in this § 1983 lawsuit. A jail is not a legal entity capable of being sued. See *Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir.1981); *Blunt v. Bowles*, 1997 WL 527322 (N.D. Tex. 1997) citing *Darby v. Pasedena Police Department,* 939 F.2d 311, 313 (5th Cir. 1991). A prison facility or a "department" within a prison facility is not a "person" under § 1983. *Marsden v. Federal B.O.P.*, 856 F.Supp. 832 (S.D.N.Y. 1994). See also *Powell v. Cook Co. Jail*, 814 F.Supp. 757, 758 (N.D.Ill. 1993); *McCoy v. Chesapeake Corr. Ctr.*, 788 F.Supp. 890, 893 (E.D.Va. 1992); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301

U.S.C. §636.

## *Background*

According to his complaint plaintiff was incarcerated at PPCC from February 5, 2008. through May 4, 2009. While at PPCC, plaintiff claims that he was given limited access to the library, which resulted in a two month delay in the filing of a habeas corpus petition. He states that the delay caused him emotional and mental hardship, and a delayed disposition of his case.

Plaintiff also states that defendant Gahn took two government exhibits that he had in his possession and that she read love letters to and from his girlfriend. In addition, plaintiff complains about a change in his prison job from afternoon hours to morning hours, and that he was mistakenly put in the Special Housing Unit ("SHU") for a brief time because of a misunderstanding by Warden Hines.

Plaintiff prays for $1,000,000.00 in damages for humiliation and violation of his privacy and legal rights from defendant Gahn. He also seeks $3,000,000.00 from PPCC for defendant Hines' failure to take necessary actions to prevent employee misconduct for Hines' personal misconduct, and for defendant Gahn's misconduct.

## *Law and Analysis*

### *Screening*

When a prisoner sues an officer or employee of a governmental entity in a civil rights complaint filed pursuant to 42 U.S.C. §1983 or *Bivens*, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915(e)(2), *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

(E.D.N.C.1989).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias*, 23 F.3d at 97.

Plaintiff herein has pled sufficient facts to resolve this matter on initial review.

*Placement in SHU*

To the extent that plaintiff claims a violation of his due process rights for being placed in SHU, he is advised that "the Due Process Clause does not protect every change in the conditions

of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997) (citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). In *Sandin*, the Court found that an inmate did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. *Sandin* at 485. In light of *Sandin*, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation will never be a ground for a constitutional claim. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998). Additionally, under the guidance of *Sandin*, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credits or which otherwise directly and adversely affect the date of release will implicate a constitutionally protected liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir.1995). Plaintiff has not shown that his confinement in the special housing unit, or any other condition of confinement, was an atypical or significant hardship in relation to ordinary prison life. In short, a due process claim in this regard is frivolous.

To the extent that plaintiff implies that his confinement in SHU violates the Eighth Amendment's prohibition against cruel and unusual punishment, such claims must fail as well. In order to prevail on such a claim, plaintiff must establish that the conditions of confinement were sufficiently harmful to evidence deliberate indifference to his needs. "The Constitution 'does not mandate comfortable prisons,' ... but neither does it permit inhumane ones...." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Prison officials must provide humane conditions of confinement, including adequate food, shelter, medical care, and

reasonable safety. *Farmer*, 511 U.S. at 832 (citations omitted).

Whether or not a prisoner has established a constitutional violation is determined by a two-part test. *Harper v. Showers*, 174 F.3d 716, 719-20 (5th Cir.1999) (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). The prisoner must show: "first, that the deprivation alleged was sufficiently serious ... and second, that the prison official possessed a sufficiently culpable state of mind." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001). In regard to second element, the Supreme Court has interpreted "culpable state of mind" to mean that the "official acted with deliberate indifference to inmate health or safety." *Id.* "It is ... fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer*, 511 U.S. at 836. At this step, the prisoner must show that the "defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) ... actually drew an inference that such potential harm existed.'" *Herman*, 238 F.3d at 664 (citation omitted).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id., Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Plaintiff's complaint simply does not rise to the level of an Eighth Amendment

violation.

Federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has not alleged, nor is it reasonable to assume, that he was denied adequate food, shelter, medical care, and reasonable safety or that he was deprived of "... the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

Further to recover damages for exposure to allegedly dangerous conditions of confinement, a prisoner must show that he suffered an actual physical injury which is more than *de minimis*. See 42 U.S.C. § 1997e(e); *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir.2003), *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004). Plaintiff has not alleged that he sustained any physical injury as a result of his confinement. Plaintiff, at worst, has been inconvenienced but not injured nor otherwise harmed by virtue of his placement in SHU. His confinement in SHU cannot rationally be equated to "cruel and unusual punishment" since the deprivations implied by plaintiff were not so extreme as to "... rise to a level that results in physical torture ..." *Bradley v. Puckett*, 157 F.3d at 1025. Plaintiff's Eighth Amendment claim in this regard is also frivolous.

*Access to Courts*

In *Bounds v. Smith*, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. See also *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997). Before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that he suffered "actual injury" – i.e. that the denial of access "hindered his efforts

to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). See also *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998). The actual injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an absolute deprivation of access to all legal materials." *Lewis*, 518 U.S. at 353 n. 4.

In order to satisfy the standing requirement of "actual injury," plaintiff must show that the denial of access to the law library hindered his efforts to prepare a defense for the charges pending against him. See *Lewis*, 518 U.S. at 351. However, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file nonfrivolous legal claims. See *Lewis,* at 356 ("Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.") Furthermore, restrictions on direct access to legal materials may be warranted when prison security is involved. See *Eason v. Thaler*, 73 F.3d 1322, 1329; and *Morrow v. Harwell*, 768 F.2d 619, 622 (5th Cir.1985).

Although plaintiff makes a general allegation that the denial of access to the library delayed the filing of his habeas corpus petition and caused him emotional stress, he does not allege any actual injury as a result of that denial. Therefore, absent any cognizable injury or prejudice, plaintiff cannot raise a claim for denial of access to the courts*.*

*Privacy Rights*

Plaintiff also contends that defendant Gahn took two government exhibits from him while he was typing his habeas petition and that she read love letters to and from his girlfriend. According to plaintiff's complaint, these documents were part of the discovery the government

provided to his attorney. Doc. 1, pp. 6-7. Thus, these documents were clearly public records over which plaintiff had no reasonable expectation of privacy. Further, it is well settled that loss of privacy is an "inherent incident[ ] of confinement." *Hudson v. Palmer*, 468 U.S. 517, 528, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). At most, convicted prisoners retain "very minimal" privacy rights during their incarceration. See *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir.2002). These rights were simply not violated by defendants' actions.

*Lack of Physical Injury*

Finally, plaintiff's claims are deficient under Section 1983 because he fails to allege a physical injury sufficient to support his claims for compensatory damages. Specifically, the Prison Litigation Reform Act of 1995 includes the following requirement in 42 U.S.C. § 1997e(e): " [n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." Plaintiff does not allege any specific "physical injuries" in this case, only "emotional and mental hardship." Doc. 1, p. 10.

The Fifth Circuit has enforced the statutory physical injury requirement for prisoners who seek damages for intangible emotional or psychological harm such as has been alleged by plaintiff. See *Harrison v. Smith*, 83 Fed.Appx. 630, 631 (5th Cir.2003); *Criollo v. Wilson*, 76 Fed.Appx. 576, 578 (5th Cir.2003); *Atkinson v. Johnson*, 74 Fed.Appx. 365, 366 (5th Cir.2003); *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir.2001). In this case, plaintiff has not alleged any physical injuries nor actual harm of any kind. Under Section 1997e(e) plaintiff is precluded from recovering damages for the minimal psychological or other emotional injury he has asserted. Thus, his complaint must be dismissed in this regard.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

**PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE AND SIGNED in Chambers, Lake Charles, Louisiana, this 21st day of October, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE